IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ERNEST MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-6111-CV-SJ-FJG |
| | ) |
| BARNETT OUTDOORS, LLC, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Extension of Time or in the Alternative Dismissal Without Prejudice (Doc. # 22) and defendant's Motion to Strike Plaintiff's First Set of Interrogatories (Doc. # 26).

## I. BACKGROUND

Plaintiff filed a three count product liability action on August 27, 2015, alleging injuries when using a crossbow which was designed, manufactured and sold by defendant. A Scheduling Order was entered in December 2015, which set the following dates:

• Close of Discovery - October 28, 2016

• Asserting party's expert report - April 29, 2016

• Defending party's expert report - July 1, 2016

• Status reports due: May 16, 2016 and July 18, 2016

The parties participated in mediation on March 22, 2016, but the case did not settle. In the May 2016 status report, the parties reported that they had been engaged in discovery and were continuing to work on settling the matter. In the July 2016 status report, the parties reported that they were engaged in discovery and plaintiff's deposition was scheduled for September 2016. On October 11, 2016 plaintiff filed a

Motion for Extension of Time, stating that he had prepared written discovery, but due to "oversight" had not served the discovery. He also stated that he has not disclosed his expert witnesses. Plaintiff's counsel stated that he is a solo practitioner and had lost his support staff in May and had been required to relocate his office in July. He also stated that he has experienced personal matters that caused a disruption in his practice.

Defendant opposes the motion, arguing that they have met the deadlines for disclosure of experts and completion of discovery. If plaintiff is allowed an extension to designate experts, defendant states that they would be prejudiced, because plaintiff's experts would be able to review the opinions of defendant's experts, before forming their own opinions. Defendant's counsel states that plaintiff's counsel did not notify them of the difficulties he was experiencing and made no mention of these problems in the two status reports that were filed with the Court. Defendant also opposes the alternative motion to dismiss without prejudice, arguing that they have already expended numerous hours and resources to defend this action.

In reply, plaintiff states that although he would prefer to continue with this matter through a full adjudication, he recognizes that the delay may be untenable. In this event, plaintiff requests that the Court grant his motion for a voluntary dismissal. Plaintiff states that the only deposition taken has been that of plaintiff and any discovery completed could be used in the event the matter is refiled.

## II.   STANDARD

Fed.R.Civ.P. 41(a)(2) states in part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In <u>Minnesota Min. & Mfg. Co. v. Barr Laboratories Inc.</u>, 139 F.Supp.2d 1109,

2

1114 (D.Minn. 2001), aff'd, 289 F.3d 775 (Fed.Cir. 2002), the Court stated:

> The decision to allow a party to voluntarily dismiss an action rests within the sound discretion of the court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999), The factors that the court should consider in exercising this discretion are: 1) whether the party has presented a proper explanation for its desire to dismiss; 2) whether a dismissal would result in a waste of judicial time and effort; and 3) whether a dismissal will prejudice the defendant. Id. (citations omitted).

In Witzman v. Gross, 148 F.3d 988,992 (8th Cir. 1998), the Court noted that additional factors courts consider are whether a motion for summary judgment has been filed by the defendant and whether there has been excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action. "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780,782 (8th Cir. 1987). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Id. "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 728 (8th Cir. 2014)(internal quotations omitted). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." Kern v. TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir. 1984).

In the instant case, the Court finds that the plaintiff has presented legitimate reasons for voluntarily dismissing this action. Additionally, the Court finds that a dismissal would not waste judicial time or effort because the work done on the case to date could be used if plaintiff were to refile the action. The Court also does not find that defendant would be legally prejudiced by the dismissal. "Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" Mullen, 770 F.3d at 728 (quoting Kern, 738 F.2d at 970). Although the Court

3

finds that plaintiff's counsel was not as diligent in prosecuting this action as he could have been, the Court does not find that this factor alone dictates denying the motion. The parties have not invested a significant amount of time in the case, only one deposition was taken and no dispositive motions were filed. After weighing all of the factors, the Court finds that plaintiff's Motion for Voluntary Dismissal should be granted. However, plaintiff should be advised that if he wishes to pursue this matter a second time, he will be required to first pay the costs of this action, pursuant to Fed.R.Civ.P. 41(d).

## III. CONCLUSION

Accordingly, for good cause shown, plaintiff's Motion for Dismissal Without Prejudice is hereby **GRANTED** (Doc. # 22). Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. If plaintiff, after dismissal, commences the same claims against the same defendant in any court, plaintiff will be required to pay defendant's costs of the previously dismissed action and commencement of the subsequent suit will be contingent upon such reimbursement. Defendant's Motion to Strike Plaintiff's First Set of Interrogatories and First Set of Request for Production is hereby **DENIED AS MOOT** (Doc. # 26).

Date: <u>November 22, 2016</u>         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
        United States District Judge